# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.  CIVIL NO. 15-1025 (GAG)

GZ CONSTRUCTION ST, INC., et al.,

Defendants.

## OPINION AND ORDER

This case involves an attempt to collect unpaid federal income taxes assessed between December 2006, and July 2011. (Docket No. 1 at 1-2). The United States of America ("Plaintiff" or "Government"), commenced this action under 26 U.S.C. § 7402(a), to reduce to judgment the tax assessments made against GZ Construction ST, Inc. ("Defendant" or "GZ Construction").[1] Id. at 1. Presently before the Court is Plaintiff's unopposed motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket No. 44). After reviewing the submissions and the applicable law, the Court **GRANTS** Plaintiff's motion for summary judgment at Docket No. 44.

### I. Relevant Factual and Procedural Background

The Court states the facts in the light most favorable to Defendant. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (in the context of summary judgement, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor") (citing

---

[1] Plaintiff's claim of tortious conversion against co-defendant Edgardo Guillén-Bermúdez, in his personal capacity as GZ Construction's president and sole officer has been stayed due to Mr. Guillén-Bermúdez's initiation of bankruptcy proceedings. (Docket Nos. 36; 36-1; 44-24 at 1 n.1).

Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970)). Unless otherwise noted, the facts are not disputed by the parties for summary judgment purposes. See L. Cv. R. 56(e) (properly supported facts are deemed admitted for summary judgment, unless properly controverted).

GZ Construction is a corporation with its principal offices in Puerto Rico. (Docket No. 1 ¶ 2). A delegate of the Secretary of Treasury properly and timely assessed GZ Construction's federal tax liabilities on nine different occasions between 2006 and 2012. Id. ¶ 4. The Government informed GZ Construction of each assessment and demanded payment; GZ Construction failed to comply. Id. ¶¶ 5-6.

The individual assessments occurred as follows:

On December 4, 2006, the Internal Revenue Service ("IRS") assessed against GZ Construction $20,827 for unpaid employment taxes for the period ending September 30, 2006. (Docket Nos. 44-1 at 2; 44-20 ¶ 3). As of June 12, 2017, the balance due on the employment tax assessment for that period was $29,897. (Docket Nos. 44-10 at 1; 44-20 ¶ 12).

On March 12, 2007, the IRS assessed against GZ Construction $27,209 for unpaid employment taxes for the period ending December 31, 2006. (Docket Nos. 44-2 at 2; 44-20 ¶ 4). As of June 12, 2017, the balance due on the employment tax assessment for that period was $38,106. (Docket Nos. 44-11 at 1; 44-20 ¶ 13).

On June 25, 2007, the IRS assessed against GZ Construction $23,256 for unpaid employment taxes for the period ending March 31, 2007. (Docket Nos. 44-3 at 2; 44-20 ¶ 5). As of June 12, 2017, the balance due on the employment tax assessment for that period was $32,357. (Docket Nos. 44-12 at 1; 44-20 ¶ 14).

On September 10, 2007, the IRS assessed against GZ Construction $21,737 for unpaid employment taxes for the period ending June 30, 2007. (Docket Nos. 44-4 at 2; 44-20 ¶ 6). As of

**Civil No. 15-1025 (GAG)**

June 12, 2017, the balance due on the employment tax assessment for that period was $29,464. (Docket Nos. 44-13 at 1; 44-20 ¶ 15).

On March 30, 2009, the IRS assessed against GZ Construction $4,701 for unpaid employment taxes for the period ending December 31, 2007. (Docket Nos. 44-5 at 2; 44-20 ¶ 7). As of June 12, 2017, the balance due on the employment tax assessment for that period was $7,157. (Docket Nos. 44-14 at 1; 44-20 ¶ 16).

On March 7, 2011, the IRS assessed against GZ Construction $3,730 for unpaid employment taxes for the period ending March 31, 2010. (Docket Nos. 44-6 at 2; 44-20 ¶ 8). As of June 12, 2017, the balance due on the employment tax assessment for that period was $7,575. (Docket Nos. 44-15 at 1; 44-20 ¶ 17).

On March 6, 2006, the IRS assessed against GZ Construction $2,005 for unpaid unemployment taxes for the 2005 tax year. (Docket Nos. 44-7 at 2; 44-20 ¶ 9). As of June 12, 2017, the balance due on the unemployment tax assessment for that tax year was $1,265. (Docket Nos. 44-16 at 1; 44-20 ¶ 18).

On March 22, 2010, the IRS assessed against GZ Construction $1,677 for unpaid unemployment taxes for the 2009 tax year. (Docket Nos. 44-8 at 2; 44-20 ¶ 10). On April 2, 2012, the IRS made an additional tax assessment of $11,318 for unpaid unemployment taxes for the 2009 tax year. Id. As of June 12, 2017, the balance due on the unemployment tax assessment for that tax year was $19,322. (Docket Nos. 44-17 at 1; 44-20 ¶ 19).

On July 11, 2011, the IRS assessed against GZ Construction $1,511 for unpaid unemployment taxes for the 2010 tax year. (Docket Nos. 44-9 at 2; 44-20 ¶ 11). As of June 12, 2017, the balance due on the unemployment tax assessment for that tax year was $318. (Docket Nos. 44-18 at 1; 44-20 ¶ 20).

Civil No. 15-1025 (GAG)

In sum, as of June 12, 2017, GZ Construction's total liability was $165,461, plus statutory interest, penalties, and fees for collection costs that still continue to accrue to this day. Based on GZ Construction's failure to remit full payment, the Government initiated suit on January 14, 2015, and moved for summary judgment on June 5, 2017. (Docket Nos. 1; 44). For its part, GZ Construction did not respond to the Government's motion for summary judgment and has explicitly stated that it does not contest the assessment of any outstanding tax liability. (Docket Nos. 38 at 1; 44-19 ¶ 4).

**II.   Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see FED. R. CIV. P. 56(a). "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'" Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).

The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case. Celotex, 477 U.S. at 325. "The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994). The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P.

4

56(c)(1)(B). If the Court finds that a genuine issue of material fact remains, the resolution of which could affect the outcome of the case, then the Court must deny summary judgment. See Anderson, 477 U.S. at 248.

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the Court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the nonmoving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Tech. Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

A defendant's failure to respond to a motion for summary judgment means that the Court may consider the motion to be unopposed. Velez v. Awning Windows, Inc., 375 F.3d 35, 41 (1st Cir. 2004). In addition, the Court will take as true any uncontested statements of fact. Id. at 41–42; see L. Cv. R. 56; see also Morales v. A.C. Orssleff's EFTF, 246 F.3d 32, 33 (1st Cir. 2001) ("[P]arties ignore [Local Rule 56] at their own peril, and . . . failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies deeming the facts presented in the movant's statement of undisputed facts admitted.") (internal citations and quotations omitted). This does not, however, result in automatic entry of summary judgment on behalf of the moving party. The Court "still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Velez, 375 F.3d at 42.

### III. Discussion

It is well established that IRS tax assessments are presumptively correct. See, e.g., United States v. Flor D'Italia, Inc., 536 U.S. 238, 242-43 (2002); MedChem (P.R.), Inc. v. Comm'r, 295 F.3d 118, 123 (1st Cir. 2002); Geiselman v. United States, 961 F.2d 1, 6 (1st Cir. 1992). A Certificate of Assessments and Payments ("Form 4340") listing the date on which the IRS assessment officer signed the summary record of assessment ("Form 23C date") may be submitted as presumptive proof of the assessment. See Geiselman, 961 F.2d at 6; see also United States v. Molina, Civ. No. 13-1571 DRD/BJM, 2014 WL 3747240, at *2 (D.P.R. May 16, 2014), *adopted by* United States v. Molina, Civ. No. 13-1571 DRD, 2014 WL 3747246 (D.P.R. July 11, 2014). Following submission of proof of a tax assessment, "[the taxpayer] bears the burden of producing evidence to counter these presumptions." Hobbs v. Comm'r, 32 F.3d 561 (1st Cir. 1994) (per curiam) (unpublished table decision).

The Government argues that because its timely assessments against GZ Construction are presumptively correct and GZ Construction has not disproved its liability for the assessed taxes, summary judgment should be granted and the assessments reduced to judgment. (Docket No. 44-24 at 3). GZ Construction does not contest its liability and states that it "consents to the entry of judgment against it for the outstanding tax liability alleged in the complaint." (Docket No. 38 at 1).

For each claimed tax assessment, the Government provided a Form 4340 with a Form 23C date as evidence that the tax assessment was, in fact, made. (Docket Nos. 44-1-44-9). These certificates are "presumptive proof of a valid assessment," and GZ Construction has not offered any evidence to show—or indeed, even argued—that they are not liable. Geiselman, 961 F.2d at 6

**Civil No. 15-1025 (GAG)**

(internal quotations and citations omitted). As such, there are no genuine issues as to material facts and the Government is entitled to judgment as a matter of law.

**IV.    Conclusion**

For the reasons stated above, the Government's motion for summary judgment at Docket No. 44 is hereby **GRANTED**. Judgment shall be entered against GZ Construction in the amount of $165,461 as of June 12, 2017, plus statutory additions accruing after that date.

**SO ORDERED.**

In San Juan, Puerto Rico this 16th day of January, 2018.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge